UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BERNABE ENCARNACION

          Plaintiff,

     -vs-           DECISION AND ORDER

GLENN GOORD, et al.         08-CV-6035-CJS-MWP

          Defendant.

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | John M. Regan, Esq.<br>1664 North Clinton Ave.<br>Rochester, NY 14621<br>(585) 342-4600 |
| For Defendant: | Bernard F. Sheehan, A.A.G.<br>NYS Attorney General's Office<br>Department of Law<br>144 Exchange Blvd., Suite 200<br>Rochester, NY 14614<br>(585) 327-3214 |

## INTRODUCTION

**Siragusa, J.** This case is before the Court on motions filed by Plaintiff *pro se* and by his *pro bono* counsel pursuant to Rule 59 of the Federal Rules of Civil Procedure seeking an order granting him a new trial. Motion for Relief under Rule 60(b), Mar. 31, 2014, ECF No. 79; Motion to Alter Judgment, Apr. 1, 2014, ECF No. 81. For the reasons set forth below, Plaintiff's motions for a new trial are denied.

## BACKGROUND

The Court conducted a bench trial on February 24 through February 28, 2014, concluding that Plaintiff had not met his burden of proof on his allegations he was as-

saulted while detained at the Southport Correctional Facility on January 13, 2005. Plaintiff contends in two motions, one submitted *pro se*, and the other submitted by counsel, that a new trial is warranted because (1) Plaintiff was denied the right to a fair trial when the Court failed to sequester witnesses; and (2) records provided by Defendants reveal inconsistencies and deliberately distorted information, respectively.

## STANDARD OF REVIEW

Rule 59(a) of the Federal Rules of Civil Procedure provides in pertinent part: "A new trial may be granted ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." As the Second Circuit has noted, "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple. . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). On a motion for a new trial, the judge "need not view the evidence in the light most favorable to the verdict winner," and "[u]nlike a motion for judgment as a matter of law, a motion for a new trial may be granted even if there is substantial evidence to support the . . . verdict." *United States v. Landau,* 155 F.3d 93, 104 (2d Cir. 1998).

## DISCUSSION

The Court does not entertain motions submitted *pro se* when a plaintiff is represented by counsel. The Constitution does not confer a right to proceed simultaneously by counsel and *pro se*. *United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) (citations omitted). Even if the Court were to consider Plaintiff's motion, however, he has not demonstrated that his Sixth Amendment right to a fair trial was violated. Plaintiff contends that because Defendants' witnesses, who were parties in the case, were not excluded from the courtroom other than during their own testimony, he was not given a

fair trial, and that, consequently, the Court should order a new trial. Rule 615 of the Federal Rules of Evidence requires the trial court, at "the request of a party [to] order witnesses excluded so that they cannot hear the testimony of other witnesses." The Rule, though, does not authorize the exclusion of a party who is a natural person. Because each party in this case is a natural person, the witnesses were not required to be sequestered.

In regard to the motion submitted by counsel, he argues that the Court's verdict was flawed, that the Court "noted numerous and in some cases indisputable indicators that the Plaintiff's testimony was not credible in at least some respects," but that the Court overlooked "certain critical details appearing in the Plaintiff's medical records. . . ." Regan Decl. ¶ 3, Apr. 1, 2014, ECF No. 81. After reviewing the motion, the Court concludes that counsel seeks to relitigate the same issues with evidence that was readily available at trial. A motion for reconsideration is not properly used as a vehicle for the introduction of new evidence that could have been presented to the court prior to the decision of which reconsideration is sought. *Jones v. Carolina Freight Carriers Corp.*, 152 F.3d 918 (2d Cir. 1998) (citing *Mays v. United States Postal Service,* 122 F.3d 43, 46 (11th Cir.1997)). Since counsel concedes he had the documents in his possession but did not locate them in time for trial, the evidence cannot be used as a basis for a new trial. Further, counsel's Monday morning quarterback analysis of Plaintiff's testimony, does not convince the Court that it was anything other than incredible. Therefore, counsel's motion is denied.

## CONCLUSION

For the reasons stated above, both Plaintiff's motion *pro se*, ECF No. 79, and counsel's motion, ECF No. 81, are denied.


DATED:    June 23, 2014
          Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge